UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOCTOR'S ASSOCIATES, INC., : | |
|       Plaintiff, : | |
| : | |
| -vs- : | Civil No.  3:05cv1834 (PCD) |
| : | |
| Edward J. PUSKARITZ, : | |
|       Defendant. : | |

**RULING ON MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiff Doctor's Associates, Inc. ("DAI") moves [Doc. No 1] to confirm an arbitration award obtained against Defendant Edward Puskaritz.  Defendant moves [Doc. No. 10] to dismiss Plaintiff's application to confirm the arbitration award on the grounds that the Court lacks subject matter jurisdiction.  For the reasons that follow, Plaintiff's motion [Doc. No. 1] is **granted**, and Defendant's motion [Doc. No. 10] is **denied**.

**I.    Background**

Plaintiff is the national franchisor of "Subway" sandwich shops and is a Florida Corporation with its principal place of business in Fort Lauderdale, Florida.  Plaintiff was a Connecticut corporation with its principal place of business in Milford, Connecticut, and its administrative affiliate still maintains offices in Milford, Connecticut.  Defendant is a Pennsylvania resident who owned and operated three Subway sandwich shops in that state.  On or about March 4, 1991, July 31, 1991, and March 7, 1996, Plaintiff and Defendant entered into three written franchise agreements ("the Agreements"), permitting Defendant to operate Subway stores in the state of Pennsylania.  Two of the Agreements contain a dispute resolution clause that

provides, in relevant part: "[a]ny controversy or claim arising out of or relating to this contract or the breach thereof or the breach thereof shall be settled by arbitration. . . ." [The Agreement ¶ 10 (c).]  The third agreement contains language substantially similar to this.

In August 2004, Defendant commenced an arbitration against Plaintiff before the American Arbitration Association asserting claims arising out of or relating to the franchise agreements.  In his post-hearing brief, Defendant sought to recover more than $1 million in compensatory damages, attorney's fees, and punitive damages.  On November 22, 2005, the arbitrator issued a written award and denied Defendant's claims entirely.  Plaintiff has moved to confirm the arbitrator's award, and Defendant has moved to dismiss Plaintiff's application to confirm the award on the grounds that the Court lacks subject matter jurisdiction.

**II.     Discussion**

**A.      Jurisdiction**

The issue before the Court is whether it lacks jurisdiction to affirm the arbitrator's award on the grounds that the amount in controversy, when based upon the arbitrator's award of zero dollars, is insufficient to invoke the Court's subject matter jurisdiction.  Defendant contends that the Court has two choices in this case, both of which he argues fail to invoke the Court's subject matter jurisdiction.  More specifically, Defendant contends that the Court may either enter judgment confirming an award of zero dollars or deny Plaintiff's request leaving the award unconfirmed.  With these two options in mind, Defendant argues that neither situation will resolve a dispute of an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332.

Defendant relies primarily upon Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 135-36

(2d Cir. 2002), for the proposition that the amount of the arbitration award is used to determine the amount in dispute for diversity jurisdiction purposes.  In Tang, the district court decided that it lacked jurisdiction to confirm an arbitration award in a sum totaling about $29,205 on the grounds that the amount in controversy was less than the statutorily required $75,000.  The Court in Tang, however, did not conclude that the amount of the arbitrator's award should control in all cases for purposes of diversity jurisdiction, and the factual circumstances underlying the court's decision in Tang have subsequently been clarified.

In N. Am. Thought Combine, Inc. v. Kelly, 249 F. Supp. 2d 283, 285-86 (S.D.N.Y. 2003), the Court concluded that "when deciding whether jurisdiction exists in a petition for confirmation of an arbitration award, the amount in controversy is the value of the award itself to the petitioner." Id.  In Kelly, the court concluded that the court in Tang had likely looked to the amount of the arbitrator's award, but it reached this conclusion solely on the grounds that the Tang decision had never mentioned the value of the underlying arbitration.  The court in Kelly determined that it should look to the value of the award in all situations except those in which the defendant has prevailed in the arbitration, in which case the court should examine the underlying complaint to determine the value to it when prevailing in arbitration.

The method suggested in Kelly isa logical and effective means of considering the amount in controversy requirement for purposes of confirming arbitration awards.  This Court, however, does not believe that adopting that approach is necessary, as it has previously considered a similar issue in Doctor's Assocs., Inc. v. Stuart, 11 F. Supp. 2d 221 (D. Conn.1998), and reached the same conclusion under a slightly different analysis.  The rationale supporting both decisions, with particular emphasis on awards in favor of defendants, is nonetheless consistent.

In Stuart, this Court concluded that when considering an application to confirm an arbitration award, "the amount in controversy is the difference between winning and losing the underlying arbitration." Id. at 224 (internal quotation marks omitted).  The Court reasoned that looking to the value of the arbitration award "would effectively preclude any defendant who prevailed in an arbitration from petitioning a district court to confirm the award."  Id.  Under this method, like the method utilized in Kelly, any concern regarding a lack of jurisdiction over claims by prevailing defendants is alleviated.

Defendant distinguishes the facts in Stuart from those in this case on the grounds that the Court in Stuart had ordered arbitration and was subsequently called upon to confirm the resulting award of less than $75,000.  The Court agrees with Defendant that such a factual distinction exists between these cases, but Defendant has not explained what, if any, legal effect it has for purposes of assessing subject matter jurisdiction.  To the extent Defendant contends that a court must consider the arbitrability of a case on a motion to compel arbitration to retain jurisdiction over a subsequent motion to confirm an arbitration award, the Court is unpersuaded.  Where, as in this case, the parties proceed to arbitration as contemplated by the franchise agreement, they should not thereafter be precluded from seeking the court's confirmation of the arbitrator's award.  The statutory scheme and the parties' agreement in this case belies this argument.  See, e.g., Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) (explaining that "the Act [9 U.S.C. § 9] provides that confirmation of an arbitration award is appropriate only where the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award . . ."); (Franchise Agreement, Ex. A at 10) ("judgment upon an award entered by the Arbitrator(s) may be entered in any court having jurisdiction thereof").

Defendant also seeks to distinguish the facts of this case from those in Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157 (2d Cir. 1998).  In Hamilton, the Court, in considering a motion to compel arbitration, looked to the amount claimed in the underlying arbitration proceeding when determining whether the requisite amount in controversy had been met.  Defendant, however, has not explained why the Court should employ a different test for purposes of determining the amount in controversy when considering a motion to compel arbitration as when considering a motion to confirm an arbitration award.

Finally, Defendant suggested in his memorandum in opposition to Plaintiff's motion to confirm the arbitration award that he may file a motion to vacate the arbitration award in a jurisdiction other than the District of Connecticut.  In fact, since filing the opposition brief in this case, Defendant has filed a motion to vacate in the United States District Court for the Eastern District of Pennsylvania.  Defendant contends that only upon filing a motion to vacate will the amount in controversy exceed $75,000.  This conclusion is based upon his understanding that the claim in the application for a new arbitration proceeding exceeds $75,000.  The Court does not need to address the merits of this conclusion because it has already determined that it has subject matter jurisdiction over the case, notwithstanding the arbitrator's award of zero dollars.

**B.     Order for Injunction**

The Court, having heard the parties, having decided that the Application to Confirm Arbitration Award should be granted, and having determined that DAI's rights will suffer immediate, substantial and irreparable harm if Defendant's action in the United States District Court for the Eastern District of Pennsylvania is not enjoined, it is hereby ordered that defendant, his agents, attorneys, servants and employees, and all other persons in active concert or

participation with him, is enjoined from prosecuting the case pending in the United States District Court for the Eastern District of Pennsylvania entitled <u>Edward Puskaritz v. Doctor's Associate's Inc.</u>, Docket No. 2:06-cv-767.

### III.  Conclusion

For the reasons provided above, Plaintiff's Application to Confirm Arbitration Award [Doc. No. 1] is **granted**, and Defendant's Motion to Dismiss [Doc. No. 10] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, April  26 , 2006.

/s/
Peter C. Dorsey
United States District Judge